**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**ARLENE PITTS**                                                                                        **PLAINTIFF**

**V.                            1:06CV00003-BD**

**JO ANNE B. BARNHART,
Commissioner, Social Security Administration                        DEFENDANT**

**ORDER**

Plaintiff Arlene Pitts has appealed the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act"). For the reasons that follow, the decision of the Administrative Law Judge ("ALJ")[1] is affirmed.

I.     Procedural History:

Plaintiff filed an application for DIB on January 29, 2004 (Tr. 47-49), alleging that she became disabled on August 8, 2003 because of back and hip pain. (Tr. 47) The Social Security Administration denied Plaintiff's application initially and on reconsideration. (Tr. 32-35) Plaintiff then requested a hearing before an ALJ. (Tr. 45) The ALJ held a hearing on April 29, 2005, and the Plaintiff appeared and testified. (Tr. 214) The record was reopened following the hearing for the purpose of receiving an additional exhibit, Exhibit 11F, the June 14, 2005 Psychological Evaluation with Mental

---

[1]The Honorable Garry L. Brewer, Administrative Law Judge.

Status Examination Report of Sam Boyd, Ph.D.  (Tr. 194-213)  The ALJ issued a decision on September 13, 2005, denying Plaintiff benefits.  (Tr. 9-17)  Plaintiff filed the current Complaint (#1) seeking a review of the ALJ's decision on January 17, 2006.

II.     Findings of the ALJ:

The ALJ appropriately evaluated the Plaintiff's claim according to the five-step sequential analysis set out in the social security regulations, C.F.R. §§ 404.1520(a)-(f) (2003), finding: (1) that Ms. Pitts has not engaged in substantial gainful activity since the onset of her alleged disability; (2) that Ms. Pitts suffers from a "severe" impairment as that term is defined by the Social Security Regulations; (3) that Ms. Pitts does not have an impairment that meets or medically equals an impairment listed in Appendix 1 to Subpart P, Regulation No. 4; and (4) that Ms. Pitts has the ability to perform all her past relevant work.  (Tr. 16-17)

Plaintiff contends that the findings of the ALJ are not supported by substantial evidence, arguing: (1) that the ALJ's finding that Plaintiff has the ability to perform medium work conflicts with the medical reports of her treating physician; (2) that the ALJ's finding that Plaintiff can return to "medium work" is not based on substantial evidence; and (3) that the ALJ completely disregarded Plaintiff's alleged depression when making his findings.  The Defendant argues the ALJ's decision is supported by substantial evidence and that the ALJ properly discounted the opinion of Plaintiff's treating physician.

III.   Legal Analysis:

In reviewing the decision of the ALJ, this Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. 42 U.S.C. § 405(g). This review function is limited, and the decision of the ALJ must be affirmed "if the record contains substantial evidence to support it." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). "Substantial evidence is less than a preponderance but enough so that a reasonable mind could find it adequate to support the decision." Id. Evidence that both supports and detracts from the ALJ's decision must be considered, but the decision cannot be reversed "merely because there exists substantial evidence supporting a different outcome." Id. "Rather, if, after reviewing the record, . . . it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [ALJ's] findings, we must affirm the decision of the [ALJ]." Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000) (citations and quotations omitted). Thus, the Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. Long v. Chater, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g).

A.   Failure to Consider the Reports of the Treating Physician

Plaintiff claims that the ALJ's finding that she can do medium work is in "direct conflict" with the medical reports of Plaintiff's treating physician. Specifically, Plaintiff

3

claims that the ALJ ignores two letters and a note written by Plaintiff's longtime physician, James E. Zini, D.O.  In the first undated letter addressed "To Whom it May Concern," Dr. Zini writes that in August 2003, it was his opinion that Plaintiff could only perform work that "would allow her to sit a while, stand a while, walk a while, rest a while with no pushing, pulling, tugging, stooping, bending activity" and that Plaintiff "has not been able to be gainfully employed " since August of 2003.  (Tr. 187) In the second letter, dated September 7, 2004, and also addressed "To Whom it May Concern," Dr. Zini opines that since August 8, 2003, Plaintiff has "undergone 5 back surgeries which has not improved her condition.  Her treatment at this time is rest and pain control.  We do not foresee her being able to return to work anytime in the near future."  (Tr. 189)

The opinions of treating sources are given controlling weight if the opinion is well supported by medically acceptable clinical and laboratory diagnostic techniques, and is consistent with other substantial evidence in the case record.  20 C.F.R. §§ 404.1527(d) and 416.927(d).  Under the regulations, when the opinion of a treating medical provider is given less than controlling weight, it is proper for the ALJ to consider: (1) the length of the treatment relationship; (2) the nature and extent of the treatment relationship; (3) the extent of relevant evidence supporting and explaining the opinion; (4) the consistency of the opinion with the record as a whole; (5) whether the treating source is a specialist; and (6) other factors which support or contradict the opinion.  20 C.F.R. §§ 404.1527(d) and 416.927(d).

Considering these factors, the ALJ appropriately concluded that Dr. Zini's opinions did not deserve controlling weight. Although Dr. Zini had been Plaintiff's physician for 32 years and saw her frequently because they worked in the same hospital (Tr. 187, 222), Dr. Zini does not cite any specific findings in his letters to justify his conclusions. (Tr. 187-89) See *Krogmeir v. Barnhart*, 294 F.3d 1019, 1023 (8th Cir. 2002) (holding that treating physician's opinion is not entitled to substantial weight unless it is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and consistent with other substantial evidence).

Further, Dr. Zini's opinion is not entitled to controlling weight because it is inconsistent with the record as a whole. CT scans and MRIs of Plaintiff's spine have not indicated herniated disks or other serious spinal problems. (Tr. 71-71, 128, 132) Straight leg tests have been negative. (Tr. 136) Carl Covey, M.D., a spine specialist who has been seeing Plaintiff monthly since December 2003 for office visits and procedures (Tr. 123-37, 170-86, 222-23), has not found Plaintiff disabled or unable to work. See 20 C.F.R. §§ 404.1527(d)(5) and 416.927(d)(5), (giving more weight to the opinion of a specialist about medical issues related to the area of the specialty than to the opinion of a source who is not a specialist) and *Hinchey v. Shalala*, 29 F.3d 428 (8th Cir. 1994) (same). Further, the state agency medical consultants who provided initial residual functional capacity assessments found the Plaintiff could perform medium work.

Plaintiff's reliance on *Douglas v. Bowen*, 836 F.2d 392 (8th Cir. 1987) to support

her argument is misplaced.  Plaintiff correctly states the holding that an ALJ must give deference to the treating physician's opinion when it is corroborated by the testimony of lay witnesses and the claimant's work history.  *Id*. at 395.  However, in this case Plaintiff did not offer any lay testimony or work history to support Dr. Zini's opinion.

Having reviewed all of the factors to be considered when giving the opinion of a treating source less than controlling weight, it was not error for the ALJ to conclude that Dr. Zini's opinion should not be given controlling weight.

B.   The ALJ's finding that Plaintiff can return to "medium work" is based on substantial evidence.

Plaintiff contends that there is no evidence on the record to support the ALJ's determination that Plaintiff can return to medium work.  Plaintiff argues the ALJ's finding ignores Plaintiff's subjective reports of pain.  Under 20 C.F.R. §§ 404.1529 and 416.929, the ALJ must consider all symptoms, including pain, and the extent to which these symptoms are consistent with the objective medical evidence.  In this case, the ALJ acknowledged Plaintiff's complaints of severe disabling back pain, and considered these subjective complaints under the guidelines set out in *Polaski v. Heckler*, 751 F.2d 943 (8th Cir. 1984).  (Tr. 14)  The ALJ noted that Plaintiff may have some level of discomfort but discredited the Plaintiff's testimony about the pain as "somewhat exaggerated" in view of the evidence as a whole  (Tr. 14)  The ALJ is in the best position to gauge the credibility of testimony, and those credibility determinations are entitled to some deference.  *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002).  In this case, the ALJ's

conclusion is supported by the objective medical evidence in the record.

Although Plaintiff has (1) regularly sought medical intervention for back pain, (2) undergone minimally invasive surgical procedures to relieve her pain, and (3) taken narcotic pain medication on a regular basis, objective medical tests of Plaintiff's spine have been negative for herniated disks and serious spinal pathology.  (Tr. 71-71, 128, 132)  Further, none of Plaintiff's examining physicians have found serious neurological or motor deficiencies or muscle atrophy.

Additionally, Plaintiff has disregarded the advice of physicians to quit smoking, another factor that diminishes her overall credibility.  (Tr. 73, 136)  Impairments that are controllable or amenable to treatment do not support a finding of disability, and "[f]ailure to follow a prescribed course of remedial treatment without good reason is grounds for denying an application for benefits." *Kisling v. Chater*, 105 F.3d 1255 (8th Cir. 1997) (quoting *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir.1995)).

The ALJ also found Plaintiff's testimony about restrictions to her daily activities lacked credibility.  (Tr. 15)  At the hearing, Plaintiff testified she spends most of her day at home, in bed, resting as much as she can.  (Tr. 221-22)  She testified that she cannot clean her house because she cannot control the pain.  (Tr. 221)  Plaintiff also testified that she needed a home health aide to supervise her shower, to clean, to do laundry, to shop, and to prepare her meals.  (Tr. 226)  However, Plaintiff's testimony of severe limitations on her daily activities is called into question by a report of Plaintiff's visit to

Stone County Medical Center in February 2004, which indicates that Plaintiff was taking or preparing to take classes to obtain an R.N. degree.  Also contradicting Plaintiff's testimony is the report of psychologist, Sam Boyd, Ph.D., prepared and added to the record following the hearing, indicating that Plaintiff occasionally is able to do dishes, dust, and help with laundry.  Further, Dr. Boyd's report indicates Plaintiff spends her days watching television, quilting with her mother, and doing occasional light household chores.  (Tr. 196, 199)  This is significantly more activity than she testified to at the hearing.

Plaintiff's claimed restricted daily activities are also inconsistent with the objective medical findings.  (Tr. 15)  Although Plaintiff has spondylosis, as noted above, CT scans and MRIs of Plaintiff's spine have not found herniated disks or serious spinal problems (Tr. 71-71, 128, 132), and straight leg tests have been negative.  (Tr. 136)

Additionally, the ALJ appropriately considered the opinion of the state agency medical consultants who provided an initial residual functional capacity assessment finding that the Plaintiff could perform medium work.  (Tr. 16)  Social Security Ruling 96-6p at p.4 mandates that the ALJ consider and address the opinion of a state agency medical consultant.  Further, 20 C.F.R. § 416.927 provides:

> State agency medical and psychological consultants and other program physicians and psychologists are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation. Therefore, administrative law judges must consider findings of State agency medical and psychological consultants or other program physicians or psychologists as opinion evidence, except for the ultimate determination

about whether you are disabled.

See also 20 C.F.R. § 404.1527.

In this case, the state agency medical consultants reviewed reports from Dr. Zini and Dr. Covey, and one consultant also reviewed the reports of Dr. Bruce Robbins. Both consultants concluded that Plaintiff is capable of working. (Tr. 33, 35, 138-45) Both found that the Plaintiff can occasionally lift 50 pounds, frequently lift 25 pounds, stand and/or walk about 6 hours in an 8-hour workday, sit about 6 hours in an 8-hour workday, and push and pull. (Tr. 138-48) The consultants' reports support the ALJ's determination that Plaintiff retains the residual functional capacity for medium work.

C.   The ALJ properly considered Plaintiff's alleged depression.

Plaintiff claims that the ALJ improperly disregarded Plaintiff's alleged depression when discounting her allegations of pain. However, the ALJ specifically considered Plaintiff's alleged depression and concluded the medical evidence does not support the existence of a "severe" mental impairment. (Tr. 15)  This Court agrees.

Plaintiff claims that her depression is documented in reports from Dr. Zini. Although Dr. Zini's records do note Plaintiff's complaint of post grief depression on August 13, 2004 (Tr. 160), the record from her visit on September 7, 2004, indicates the depression is better. (Tr. 164) When asked at the hearing whether there were any other problems that she has that would prevent her from working other than back problems, the Plaintiff did not mention depression. (Tr. 221) The consulting psychologist, Sam Boyd,

Ph.D, found that: (1) Plaintiff never received any formal treatment for depression (Tr. 195); (2) Plaintiff is not taking medication for depression (Tr. 195); (3) there was no Axis I diagnosis of depression; (4) Plaintiff's General Assessment of Functioning rating was 80; and (5) Plaintiff is not restricted by a mental impairment in her ability to do work-related activities except insofar as Plaintiff claims she cannot concentrate on paying bills when she is in pain.  (Tr. 201-3)

Plaintiff claims that the ALJ erred by not considering Plaintiff's impairments as a whole citing *Chitwood v. Bowen*, 788 F.2d 1376, 1378 (8th Cir. 1986).  However, Plaintiff's application of *Chitwood* to these facts is misplaced.  In that case, unlike in this case, there was a diagnosis of longstanding depression and the ALJ did not adequately consider the claimant's depression when he assessed her complaints of disabling pain.  In this case, there is no longstanding diagnosis of depression.  The ALJ appropriately considered Plaintiff's claim of depression and concluded that the evidence does not support the existence of a severe mental impairment. (Tr. 15)

IV.  Conclusion:

In summary, the Court finds that there is substantial evidence in the record to support the Commissioner's denial of DIB to Plaintiff.  It is clear, as the ALJ pointed out, that Plaintiff suffers from impairments which cause her pain and discomfort.  However, there is sufficient evidence in the record to support the ALJ's assessment that Plaintiff retains the capacity to perform medium work.

Accordingly, Plaintiff's appeal is DENIED. The Clerk is directed to close the case.

IT IS SO ORDERED this 5th day of February, 2007.

                                        _____
                                        Beth Deere
                                        United States Magistrate Judge